APRIL 20TH, 2025

CLERK OF THE COURT
U.S. COURT OF APPEALS 9TH CIRCUIT
95 SEVENTH STREET
SAN FRANCISCO, CA. 94103

RE: HENRY ALEXANDER TOWNSEND
U.S. COURT OF APPEALS 9TH CIRCUIT
CASE # 25-147

CLERK OF THE COURT;

CAN YOU PLEASE E-FILE THESE LEGAL DOCUMENT/EXHIBITS WITH ALL ASSOCIATED PARTIES. OPPOSING COUNSEL IS WITHHOLDING INFORMATION AND/OR EVIDENCE SO I HAD TO DO A PUBLIC INFORMATION REQUEST. THE EXHIBITS ATTACHED ARE IN SUPPORT OF MY OPENING BRIEF WHICH WAS FILED IN FEBRUARY 2025.

SINCERELY,
[signature]
HENRY ALEXANDER TOWNSEND



# CERTIFICATE OF SERVICE

I CERTIFY THAT ON APRIL 20TH, 2025, I SERVED THE FOREGOING EXHIBITS, UPON THE PARTIES HERETO BY THE METHOD INDICATED BELOW:

X ELECTRONIC FILING

CLERK OF THE COURT
U.S. COURT OF APPEALS 9TH CIRCUIT
95 SEVENTH STREET
SAN FRANCISCO, CA. 94103

U.S. ATTORNEY GENERAL
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

AMY BAGGIO
U.S. DISTRICT COURT JUDGE
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

KARIN J. IMMERGUT
U.S. DISTRICT COURT JUDGE
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

ANN BROWN
U.S. DISTRICT COURT JUDGE
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

ANN L. AIKEN
U.S. DISTRICT COURT JUDGE
405 EAST 8TH AVE #2100
EUGENE, OR. 97401

SCOTT KARIN
UNITED STATES ATTORNEY
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

JOANNA HERSHEY
ATTORNEY AT LAW
1162 COURT STREET NE
SALEM, OR. 97301

GEOFFREY J. GERRY
ATTORNEY AT LAW
34630 MISSION HILLS RD.
RANCHO MIRAGE, CA. 92270

JOE TACOPINA
ATTORNEY AT LAW
25115 EL DORADO MEADOW RD.
HIDDEN HILLS, CA. 91302

JUAN CHAVEZ
FEDERAL ATTORNEY
P.O. BOX 5248
PORTLAND, OR. 97208

KAMALA HARRIS
VICE PRESIDENT OF UNITED STATES
1600 PENNSYLVANIA AVE
WASHINGTON, DC. 20500

LISA C. HAY
FEDERAL DEFENDER
101 S.W. MAIN STREET
PORTLAND OR. 97204

ELIZABETH DAILY
FEDERAL DEFENDER
101 S.W. MAIN STREET
PORTLAND, OR. 97204

KRISTINA HELLMAN
FEDERAL DEFENDER
101 S.W. MAIN STREET
PORTLAND, OR. 97204

LAURA A. WASSER
ATTORNEY AT LAW
25115 EL DORADO MEADOW RD.
HIDDEN HILLS, CA. 91302

GARY BERTONI
ATTORNEY AT LAW
520 S.W. YAMHILL #500
PORTLAND, OR. 97204

HANNA BLAND
FEDERAL ATTORNEY
P.O. BOX 5248
PORTLAND, OR. 97208

KETANJI BROWN JACKSON
U.S. SUPREME COURT JUSTICE
1 FIRST STREET NE
WASHINGTON, DC. 20543

[signature]
PETITIONER - APPELLANT
HENRY ALEXANDER TOWNSEND
SID #14258900
777 STANTON BLVD
ONTARIO, OR. 97914



Oregon Department of Corrections (ODOC)
Produced by Simon, Linda D
02/10/2020 07:27 AM

**Mission: To promote public safety by holding AICs accountable for their actions and reducing the risk of future criminal behavior**

# AIC Complaint History: 1/30/2018 - 6/13/2019

**AIC Name: Townsend, Henry Alexander**
**SID#: 14258900**

| Complaint # | Type | Most Recent Event | Staff Grieved | Subject | Grievance Received | Event Date | Incident Location | Summary |
|---|---|---|---|---|---|---|---|---|
| TRCI_2018_07_028 | Non-Medical | Initial appeal denied | | SIU/DIU | 07/09/2018 | 06/07/2018 | SIU/STM | failed to provide appropriate housing |
| TRCI_2018_06_089 | Non-Medical | Initial grievance denied | | Unprofessional Conduct | 06/20/2018 | 06/07/2018 | SIU/STM | safety of another inmate |
| TRCI_2018_03_134 | Non-Medical | Response to final appeal received | | Housing | 03/23/2018 | 03/03/2018 | Unit 15 (DSU) | housing/safety issues |
| TRCI_2018_03_025 | Non-Medical | Initial grievance denied | | Other | 03/05/2018 | 03/03/2018 | Unit 15 (DSU) | safety |
| EOCI_2018_05_065 | Non-Medical | Initial grievance denied | | Grievance | 05/29/2018 | 05/16/2018 | Segregation | error in Acceptance of Grievance |
| EOCI_2018_02_037 | Non-Medical | Response to final appeal received | BRIGITTE AMSBERRY | Safety | 02/13/2018 | 01/31/2018 | Other | Safety of AIC who was attacked |




Appellant Exhibit
9th Cir. # 25-147
G-274
2:19-cv-01674-AB

Page 1 of 1

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

## GRIEVANCE RESPONSE FORM

**TO BE FILLED OUT BY STAFF** — **Grievance # EOCI 2018-02-037**

TO: Townsend, Henry — #14258900
Inmate Name — SID #

FROM: B. Amsberry, Superintendent
Staff Member

1. List, in detail, action(s) taken. (What action was taken? Was the action what the inmate requested? If not, why? Who took the action? When was the action taken – date/time?)

Inmate transfers are conducted under the oversight of the Office of Population Management (OPM) and the Assignment Office at the involved institutions. These transfers are based on the overall evaluation of an inmate's history before and record during his current incarceration cycle. Superintendents do not have a role in this process. While I was the Superintendent at TRCI I did not have any participation in or immediate knowledge of your transfer.

WRITTEN TESTIMONY FROM DEFENDANT AMSBERRY TESTIFYING THAT DEFENDANT (GREG JONES); FROM OFFICE OF POPULATION MANAGEMENT WAS INVOLVED IN APPELLANT'S TRANSFER WHICH LEAD TO CONSECUTIVE ATTACKS. VERDICTS THAT THIS DEFENDANT (GREG JONES) COMMITTED PERJURY DURING APPELLANT'S TRIAL; PUBLIC SEE TRIAL TRANSCRIPTS HAMMELL TESTIMONY FROM DEFENDANT (GREG JONES).

Do Not Type Past This Line

Date: 3/16/18

Signature of Staff Member: [signature]

Signature of Supervisor (Print/Sign): [signature]

| Sent from processing facility | Sent to inmate from current facility (if not processing facility) |
|---|---|
| Date Stamp | Date Stamp |

PROOF OF PLRA EXHAUSTION

RECEIVED
MAR 19 2018
TRCI GRIEVANCE OFFICE

Distribution:
White (Original grievance response form)
Yellow (Grievance file copy)
Pink (Inmate receipt after processed)

APPELLANT'S EXHIBIT
9TH CIR. #25-147
6 274
2:19-cv-01674-AB

CD 117b (11/14)

Grievance # [illegible]
Staff Use Only

# GRIEVANCE FORM

Inmate: Townsend, Henry A #14258990 DSU #50
Last First Initial SID# Cell/Block/Bunk #

Reason for grievance: (check all that apply)

- ☑ Misapplication of any administrative directive or operational procedure
- ☑ The lack of an administrative directive or operational procedure
- ☑ Any unprofessional behavior or action which may be directed toward an inmate by an employee, contractor, or volunteer of the Oregon Department of Corrections or the Oregon Corrections Enterprises
- ☑ Any oversight or error affecting an inmate
- ☐ A program failure as defined in the DOC rule on Performance Recognition and Award System (Inmate), OAR 291-077-0020, unless the program failure is a direct result of a misconduct report where the inmate was found in violation
- ☐ The loss or destruction of property as designated in the DOC rule on Personal Property (Inmate), OAR 291-117-0130(3)
- ☐ Sexual contact, solicitation or coercion between an employee, volunteer or contractor and an inmate

Please provide the date/time of incident giving rise to grievance: January 31, 2018

List in detail all the reasons for your grievance. Use multiple grievance forms if necessary. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

At Two River's Correctional Facility in late 2016 two members of a known Security Threat Group (Eric Zavala sid# 16886382 and Joel Sanchez sid # 14074386) attacked me on unit 9. As a direct result Ms. Amsberry who at the time was The Superintendent of Two River's approved and/or authorized me to be transfered to The Eastern Oregon Correctional Institution located in Pendleton Oregon i assume to avoid risk of an assault. On January 30, 2018 "Ms. Amsberry" who is now The Superintendent of The Eastern Oregon Correctional Institution authorized and/or approved me to be transfered back to Two River's Correctional Facility and placed in general popjlation. As a direct result on January 31, 2018 a member affiliated with Eric Zavala sid# 16886382 and Joel Sanchez sid # 14074386 and their Security Threat Group attacked me with a weapon. Superintendent Ms. Amsberry breach operational procedure and Policy which constituts official misconduct, Abuse of Public office, Racketeering, Conspiracy, Etc. Ms. Amsberry Facilitated these coilusive acts which caused me to be assaulted.

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

whatever The state and Federal law requires and to be Transfered to a different state and/or an outside entity (Multnomah County Detention Center).

2-4-18
Date

Henry Townsend
Inmate Signature

Receiving Facility (if not processing facility)
RECEIVED
FEB 12 2018
EOCI
Date Stamp

Received at Processing Facility
Date Stamp

Distribution:
White (Original grievance form)
Yellow (Grievance file copy)
Pink (Inmate receipt after processed)
Goldenrod (Inmate copy)

For grievance information see back page

Appellant Exhibit
9th Cir. #25-147
6-274
2:19-cv-01674-AB

CD 117 (11/14)

EOCI 2018-02-037A

GRIEVANCE APPEAL FORM

TO BE FILLED OUT BY INMATE

TO: Grievance Office/B. Ansberry, Superintendent

FROM: Townsend, Henry A #14252900 DSU #1
Last Name First Initial SID # Cell/Block/Bunk #

1. List in detail all the reasons you disagree with the original grievance or level #1 appeal response. (For level #1 appeal, attach original grievance form and staff response. For level #2 appeal, attach level #1 appeal form and staff response and, also, the original grievance form and staff response.)

Superintendents have a duty to participat and have immediate knowledge of what occurs under their leadership Ms. Ansberry. As superior of The Penal Facility and/or Institution you have an obligation to over-see the history and appropriate housing for high risk Prisoner's. You and your staff are briefed before and after the arrival and/or departure of such Prisoner's. The refusal and/or Failure to follow protocol Constitute Deliberate Indifference.

2. Describe what action you want taken to resolve the grievance. (How can the problem be resolved?)

whatever The State and/or Federal law requires and to be Transfered to a diffrent State and/or ~~[illegible]~~ outside entity (Multnomah County Detention Center).

3-20-18
Date

[Signature]
Inmate Signature

RECEIVED
APR [illegible] 2018
EOCI

Appellants Exhibit
9th Cir. #25-147
6-274
2:19-cv-01674-AB

RECEIVED
MAR 21 2018
TRCI GRIEVANCE OFFICE

Distribution:
Original Grievance Form (Green)
File Copy – Send with Original to Staff (Yellow)
Inmate Receipt (Blue)
Inmate Copy (Pink)

CD 117e (10/05)



# Oregon Department of Corrections (ODOC)

## Eastern Oregon Correctional Institution

## Grievance Appeal Accepted

**To:** Townsend, Henry **SID #:** 14258900 **Cell:** TRCI:DS001B

**From:** Lilienthal, S **Date:** 06/05/2018

**Re:** Non-Medical# EOCI_2018_02_037 A2

Your grievance appeal was accepted and sent for response

291-109-0170

You will receive a grievance appeal response within 30 calendar days from the date the appeal was received by the functional unit manager (first appeal) or the assistant director (final appeal).

If you have any questions regarding your grievance appeal, please refer to the Department of Corrections Administrative Rule "Grievance Review System" tab #109 located in the legal library or kyte your institution Grievance/Discrimination Complaint Coordinator.

Appellants Exhibit
9th Cir. # 25-147
6 - 274
2:19-cv-01674-AB



**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

EOCI-2018-02-037AA

# FORMA DE APELACION A QUEJA

TRCI

**A SER LLENADA POR EL PRESO**

**PARA:** ~~Grievance Office/B. Ansberry~~, Superintendent

**DE PARTE DE:** Townsend, Henry A #14253200 DSU #1
Ultimo Apellido Nombre Inicial SID # Celda/Bloque/cama #

1. Aga una lista detallada te todas las rezones. Liste con detaye todas las rasones porque no esta de acuerdo con la respuesta original en su Motivo de Queja (Grievance) o la respuesta apelada leval numero uno (1). Para apelar el leval numero uno (1), acoompanene la forma de Motivo de Queja original y la respuesta recividad de los oficiales. Para apelar el leval numero dos (2), acoompane la forma del leval numero uno (1) y respuestas de los oficiales y la forma original de Motivo de Queja (Grievance) y la respuesta de los oficiales.

This is a second level grievance appeal in-connection to Grievance #EOCI-2018-02-037A. In the response to the first-level grievance appeal which is attached it states that i did not provided any additional information that would warrant a response other than that which i have already received; However, I believe other wise. As i mentioned in and "Only" in the first-level grievance appeal, Ms. B Ansberry, As superior of the Penal Facility and/or Institution has a duty and/or obligation to over-see the History and appropriate housing for High Risk Prisoners. The refusal and/or failure to follow protocol constitute offical Misconduct, Abuse of public office, Racketeering, Conspiracy, Deliberate Indifference, Etc.

2. Decriba la accion qué usted decia sea lleve a cabo par resolver la apelacion de queja (Como podria ser resuelto la problema?)

Whatever the Federal and State law requires and to be Transfered to a different state and/or out-side entity (Multnomah County ~~[illegible]~~ Detention Center).

5-23-18
Fecha

[signature]
Firma del Preso

Distribucion:
Forma Original de Queja (verde)
Copia de Archigo – enviada con la Original a la Adminstracion (amarillo)
Recivo del Preso (azul)
Copia del preso (rosa)

Appellant's Exhibit 9th Cir. # 25-147
6-274
2:19-cv-01674-AB

RECEIVED
MAY 24 2018
TRCI GRIEVANCE OFFICE

CD 117-Sp (10/03)

# DEPARTMENT OF CORRECTIONS
## Administrative Housing
*Complete and Submit with the Request for Administrative Housing (CD 1482)*



☐ Voluntary Administrative Housing ☒ Involuntary Administrative Housing
☐ Administrative Housing Review: Expiration Date: Original Placement date:

| | | |
|---|---|---|
| **Inmate Name:** Townsend, Henry Alexander | **SID#:** 14258900 | **Institution:** TRCI |
| **Custody Level:** 4 | **PRD:** LIFE | **County of Release:** N/A |
| **Age and DOB:** 34 / 04-06-1984 | **MH Code:** | **DD Code:** DD0 |
| **ACRS:** .05 | **30 Day Ad Hold Start Date:** 09/04/2018 | |

**Reason for Placement:**
Inmate Townsend ~~currently scores~~ PMAS High alert and is on an STM caseload for STG high risk behavior and Compromising an Employee. Inmate Townsend is currently a level 4 Inmate housed in DSU since 06/07/2018. I have attempted to conduct an interview with Inmate Townsend, most recently on 09/17/2018 to discuss suitable housing however he refuses to speak with me.

Considerable Factors and History:
Inmate Townsend was transferred to TRCI on 1/30/18. Intel was provided that confirmed inmate Townsend would be unable to walk mainline due to disrespecting a known affiliate of the Security Threat Group Paisas back in 2017. The intel provided, alledged inmate Townsend would be assaulted as soon as he was placed in general population. On 1/31/18 inmate Townsend was assaulted by a member of the STG Paisas in which he fought back and was found in violation of an Inmate Assault I. Inmate Townsend was placed in DSU from 1/31/18-3/2/18. On 3/2/18 he was released from DSU. On 3/3/18 Inmate Townsend was assaulted by 3 members of the STG Paisas while in his cell. Inmate Townsend fought back and again was found in violation of an Inmate Assault I. Inmate Townsend was placed in DSU from 3/3/18 to 6/7/18. On 6/7/2018 Inmate Townsend was released back into general population. While in his cell an inmate from the STG Paisas enetered his cell to assault him. Surveilance video shows two other inmates from the STG Paisas standing guard while the assault took place. Inmate Townsend fought back and was found in violation of Inmate Assault I.

PRIOR KNOWLEDGE FROM 2017 OF CONFLICT

Conclusion:
Inmate Townsend is exteremely disrespectful toward staff and refuses to communicate. This creates difficulty in the ability to determine appropriate housing. At this point, he is considered target to all who are documented as members of the Security Threat Group Paisas. Therefore, his likelihood of success in General Population is little to none. This creates a serious threat to the safety of staff, inmates and the orderly operation of Oregon Department of Corrections facilities.




9TH CIR. # 25-147
EXHIBIT T
6-8034
2:19-cv-01674-AB

# DEPARTMENT OF CORRECTIONS
## Administrative Housing

*Complete and Submit with the Request for Administrative Housing (CD #1482)*

| **Inmate Name:** Townsend, Henry | **SID#:** 14258900 | **Institution: TRCI** |
|---|---|---|
| **Custody Level: 4** | **PRD: Life** | **County of Release: N/A** |
| **Age and DOB:** 33, [redacted] | **MH Code:** -- | **DD Code:** 0 |
| **30 Day Ad Hold Start Date:** 2/02/2018 ← PRIOR KNOWLEDGE | | |

**Reason for Placement:** Inmate Townsend is pending a review for AHU. This is STG affiliated. The STG Group Piasa's are continuing to assault him, and make threats against him where ever he goes. There are no housing units at this time that he is able to walk on. We would like to review him for AHU for his own safety and security.

**Previous Housing Locations:**

| Location | Move – In | Move – Out | Reason for Transfer |
|---|---|---|---|
| TRCI | 1/30/2018 | Current | -- |
| EOCI | 2/03/2017 | 1/30/2018 | STM High alert with conflicts at OSP, SRCI |
| TRCI | 1/20/2016 | 2/03/2017 | STM agreement. Custody lvl 4, BHS=MHR |
| SRCI | 10/22/2014 | 1/20/2016 | Completed IMU Program. |
| OSP | 2/02/2012 | 10/22/2014 | SPM approved for IMU placement. |
| CCIC | 12/21/2011 | 2/02/2012 | Intake |
| | | | |

ISSUED FEBRUARY 2ND / 2018

**Conflicts:**

| Conflict | SID | Institution |
|---|---|---|
| Cervantes, Steven | 8289293 | OSP |
| Wilcher, Tyson | 13640565 | SRCI |
| Hamilton, Eric | 16051728 | SRCI |
| | | |
| | | |

**Misconducts:**

**List Any Pertinent Misconducts:**

1/09/2018 1712 J 173 J 32 2.11 1 MAJR Disresp II Nevil, H FNL
12/19/2017 1712 J 063 J 32 4.03 2 MINR Disobed III Nevil, H FNL
8/21/2017 1708 J 063 J 32 2.05.04 1 MAJR In Asslt I Nevil, H FNL
3/28/2017 1703 J 108 J 22 2.11 1 MAJR Disresp II Powell, D FNL
12/01/2016 1611 N 149 N 25 2.06.03 1 MAJR In Asslt II Deacon, J FNL
2/05/2016 1602 N 007 N 32 1.10.01 1 MAJR Contra I Nevil, H FNL
8/21/2015 1508 M 081 M 18 1.05.01 1 MAJR Property I Serrano, F FNL
8/19/2015 1508 M 082 M 18 4.01 1 MAJR Disobed I Serrano, F FNL
8/19/2015 1508 M 082 M 18 4.01 1 MAJR Disobed I Serrano, F FNL

9TH CIR. #25-147
EXHIBIT
G-3034
2:19-cv-01674-AB

**DOC UIR CHECK LIST & REVIEW PROCESS**
**UIR#** - 06-00004

| **Incident Date: 6-7-18** | **Date Submitted:** 6-7-18 | **Prepared By: Capt. Sterling** |
|---|---|---|
| **Incident Type ~** List all Critical Indicators: Mutual Fight, Reactive Use of Force OC Spray | | |

| | Req'd | N/A |
|---|---|---|
| 1. **Unusual Incident Report Form** ~ CD115, version 9/2016 | ☑ | ☐ |
| 2. **Use of Force – Preliminary Review Summary** ~ CD1346, version 12/2013 | ☑ | ☐ |
| 3. **Security Restraints/ Restraint Chair** ~ CD1438, version 2/2015 | ☐ | ☑ |
| 4. **Misconduct Report** ~ CD293D, version 5/2014 | ☑ | ☐ |
| 5. **Medical Reports** ~ Health Services Incident Form – CD1618 | ☑ | ☐ |
| 6. **Inmate Assault on Staff – Preliminary Review Summary** ~ CD1397, version 12/2016 | ☐ | ☑ |
| 7. **Employee Report of Incident/Injury/Illness** ~ CD1381 (Original to Safety Rep – Do not include w/UIR) | | |
| 8. **Chemical Agent Deployment Form** ~ CD1435 version 10/2016 | ☑ | ☐ |
| 9. **Photographs/CD/Video** ~ Label each printed photo and/or CD with incident summary (location, date, time, CD number and photographer)-write this information on the back of each printed photo. | ☑ | ☐ |
| 10. **Supervisor's Report of Employee Duties and Description of Exposure Incident** ~ CD 1401 | ☐ | ☑ |
| 11. **Post-Exposure Follow-Up Checklist** ~ CD 1402 | ☐ | ☑ |
| 12. **Other Documents** | | |

13. **Staff Memos** ~ List each staff mentioned and indicate memorandum requirement as witness to, or participant in incident. Note, staff writing the DR are NOT required to submit a memo; the DR serves as their documentation of the event.

| Staff Name | Memo Required | | Staff Name | Memo Required | |
|---|---|---|---|---|---|
| | Yes | N/A | | Yes | N/A |
| CO D. Hall / CO C. Sumner | X | | Nurse Zavala | | X |
| CO C. Babcock / CO D. Taylor | X | | | | |
| CO C. Romo / CO J. Fisher | X | | | | |
| CO A. McAdams / CO F. Carrillo | X | | | | |
| CO M. Miller / Sgt. K. Stockton | X | | | | |

| 14. **REPORTING SUPERVISOR'S PRE-SUBMISSION PACKET REVIEW:** | | |
|---|---|---|
| • Are all documents originals? | X | |
| • Are dates on all documents correct? | X | |
| • Are all memos presented on Official Memorandum form? | X | |
| • Are all memos addressed to Officer-In-Charge? | | X |
| • Are all memos signed? | X | |
| • Does UIR state that CD1381 was completed and forwarded to Safety? | | X |
| • Are all photographs, CDs and/or videos properly labeled? | X | |
| 15. **Notifications** (ie State Police, Central Office, IG, etc.) | | |

| **Reviewed by:** | **Name:** | **Date:** | **Comments:** |
|---|---|---|---|
| Officer-In-Charge | Capt Sterling | 6-7-18 | |
| Officer-of-the-Day | | | |
| Asst. Superintendent-Security | [signature] | 6-11-18 | |
| Superintendent | [signature] TPS | 6/12/18 | |

CD 1676 Rev. 9/16

9TH CIR. # 25 147
EXHIBIT
6-8034
2:19-cv-01674-AB

Townsend, Henry A. (IM) SID#14258900 v. Jones, et al.; 2:19-cv-1674-CL
TOWNSEND-262

Attachment 3, Page 1 of 55
Declaration of Kevin Jackson

Juan C. Chavez, OSB #136428
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-328-3982

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| HENRY ALEXANDER TOWNSEND,<br><br>Plaintiffs,<br><br>v.<br><br>GREGG JONES, Office of Population Management; TROY BOWSER, Superintendent; JOHN JACKSON, Assistant Supt. Security; JANE CAMBERS, STM Lt.,<br><br>Defendants. | Case No. 2:19-cv-01674-IM<br><br>**PLAINTIFF'S TRIAL** MEMORANDUM |

## I. INTRODUCTION

Plaintiff Henry Alexander Townsend brought suit against the Defendants in 2019. The remaining claim in his case are two failure to protect claims arising from incidents in March and June of 2018. The remaining Defendants are Gregg Jones, Troy Bowser, John Jackson, and Jane Cambers. Plaintiff alleges that on two separate occasions—March 3 and June 7, 2018—he was assaulted by AICs who associate with a known Security Threat Group. Plaintiff alleges that Defendants were aware of an imminent danger of physical harm to Plaintiff based on prior



Appellants Exhibit 9th CIR # 25-147
G. 3034
2:19-cv-01674-AB

assaults against him by members of the same Security Threat Group. Plaintiff seeks an award of noneconomic damages as well as attorney fees and costs against Defendants.

## II. STATEMENT OF FACTS

Mr. Townsend will testify that he was incarcerated and housed at the Two Rivers Correctional Institution (TRCI) on or around March 3 and June 7, 2018. He will testify that he is currently incarcerated at Snake River Correctional Institution.

On or about January 30, 2018, Mr. Townsend was transferred to TRCI and was assigned to Housing Unit 6. Mr. Townsend had previously been incarcerated at TRCI but had an emergency transfer to EOCI in 2016 after he had been attacked by members of the Paisas gang. The day after he arrived back at TRCI, January 31, 2018, he left the Unit to get his breakfast tray and bring it back to his cell. While in the corridor, an AIC who was a member of the Paisas gang came up behind Mr. Townsend and attacked him with a food tray. Mr. Townsend did not fight back; he returned to his Unit stunned, hurt, and covered in food. He was then placed in administrative segregation for 30 days.

On March 2, 2018, Mr. Townsend was released from administrative segregation and assigned back to Unit 6, the same housing unit where members of the Paisas gang are housed and where Mr. Townsend had previously been attacked. The day after returning to Unit 6, March 3, 2018, around 9:00PM, two members of the Paisas gang ran up behind Mr. Townsend and began punching him. Mr. Townsend felt he had to defend himself, so he began fighting back against the two attackers. Correctional Officers (COs) deployed chemical agents to break up the fight. COs sprayed about two cans of OC spray on Mr. Townsend. Mr. Townsend received DRs for fighting back in this attack and was sent to DSU for 90 days.

Appellant's Exhibits
9th Cir. #25-147
6-3034
2:19-cv-01674-AB

On June 7, 2018, Mr. Townsend was released from DSU and assigned yet again to Unit 6, after being attacked in this Unit on multiple occasions. It had barely been an hour since Mr. Townsend was back in the Unit before he was attacked once more. In the mid-afternoon, when the cell doors popped open for a line movement, three members of the Paisas gang approached Mr. Townsend's cell door. Two people guarded the door while the third began attacking Mr. Townsend. The attacker cornered Mr. Townsend with a blade and attempted to cut Mr. Townsend's face. Mr. Townsend successfully disarmed the attacker while sustaining lacerations to his arm or hand. He attempted to push the attacker out of his cell. COs once again placed Mr. Townsend in DSU.

## III. FACTUAL CONTENTIONS

Plaintiff anticipates that the crux of the trial will be whether a) Defendants knew the risk posed to Plaintiff, and b) whether Defendants failed to protect Plaintiff. Whether the risk was known to the Defendants rests on several elements, discussed below, including the degree to which a jury believes Plaintiff encouraged the assaults. The degree of harm Plaintiff suffered will also be a contended issue.

## IV. LEGAL ISSUES

### A. Eight Amendment

Plaintiff alleges that Defendants on at least two occasions violated his right to be safe from a substantial risk of harm when he was attacked by members of a Security Threat Group in Unit 6 on March 3, 2018 and June 7, 2018. Plaintiff will contend that Defendants' actions demonstrate a willful disregard for his safety.

///

///

Appellant's Exhibits
9TH Cir # 25-147
6 - 3034
2:19-cv-01674 AB

1. Legal Standard

The Eighth Amendment imposes on **prison officials a duty to "take reasonable measures to guarantee the safety of the inmates."** *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This includes a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. *See also Cortez v. Skol*, 776 F.3d 1046, 1050-53 (9th Cir. 2015) (holding that mother of prisoner who suffered severe brain damage following attack by two other inmates raised genuine issues on Eighth Amendment claim in light of evidence that one guard escorted three hostile, half-restrained, high-security prisoners through isolated prison passage in contravention of prison policy and practice). Here, Defendants cannot maintain that their conduct falls outside of this clearly established constitutional norm.

**"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an** inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828 (citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); and *Estelle v. Gamble*, 429 U.S. 97 (1976)). "While *Estelle* establishes that deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at **835. "A finding of deliberate indifference necessarily precludes a finding of qualified immunity."** *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992).

Generally, a defendant need not have knowledge of a specific risk to a specific individual **from a specific source: "It does not matter whether the risk comes from a single source or** multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for **reasons personal to him or because all prisoners in his situation face such a risk."** *Farmer*, 511



APPELLANTS EXHIBITS 9TH CIR. # 25-147 G. 3034 2:19-CV-01674-AB

U.S. at 843. The obviousness of a risk may support an inference of actual knowledge, as may other relevant circumstances. *Id.* at 842-43.

2. Defendants Violated Plaintiff's Rights

Defendants are in charge of safety, security, and population management at the Two Rivers Correctional Institution. Defendants had a responsibility both within the confines of their very jobs at the facility and within their constitutional obligation to protect persons like Plaintiff from the harm that befell him. Defendants were made aware from at least January 31, 2018 that Plaintiff would not be safe in Unit 6 of the Two Rivers Correctional Institution. On that date, Plaintiff will contend that he was assaulted by a member of a Security Threat Group "Paisas" and that the threat's imminence was obvious to the staff in charge of his safety.

After being placed in administrative segregation for most of the month of February 2018, instead of placing Plaintiff in safer housing, he was placed back into Unit 6, where once again he was assaulted by members of Paisas.

If one assault from Paisas members in Unit 6 was not enough to inform the Defendants that Plaintiff should not be placed back into that unit, then the second assault should have. Instead, the Defendants failed to protect Plaintiff once more by placing him back into Unit 6. Plaintiff was assaulted again.

Defendants will likely argue that Plaintiff was in some manner at fault for the assaults he suffered, either by talking aggressively or appearing aggressive. First, comparative fault is not available as a defense in 42 U.S.C. § 1983 Eighth Amendment cases. *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 736 n.4 (6th Cir. 2002) ("To apply comparative fault statutes in civil rights actions would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation.");



Appellant's Exhibits 9th Cir # 25-147 G 30.34 2:19-cv-01674 AB

*see also Quezada v. Cty. of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991), *abrogated on other grounds as recognized in Stuart v. Jackson*, **24 F. App'x** 943, 954 n.5 (10th Cir. 2001) (same); *Miller v. Schmitz*, 2013 WL 5754945, at *5 (E.D. Cal. Oct. 23, 2013) (same); *Hurley v. Horzon Project, Inc.*, **2009 WL 5511205, at *10 (D. Or. Dec. 3, 2009) ("Assigning some percentage of** fault to [an absent third party] would violate both the compensation and deterrence policies **underlying § 1983.").** Second, the onus for keeping Plaintiff safe was on Defendants, not the Plaintiff. **Defendants are expected under the Constitution to** "take reasonable measures to guarantee **the safety of the inmates."** *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Defendants were unreasonable in placing Plaintiff back into Unit 6 twice after being assaulted the first time. Lastly, Plaintiff maintains that each of these assaults were initiated by the gang members, not himself.

Collectively, the jury will be presented evidence and testimony that:

(1) Plaintiff suffered injuries as a result of this incident;

(2) Defendants were on notice that at minimum on two occasions Plaintiff was at serious risk of being harmed by members of Paisas;

(3) Despite knowing the risk, Defendants were deliberately indifferent to the risk of harm.

**C. Damages**

Plaintiff seeks damages for the injuries he suffered because of Defendants' actions or failures to take any action. The jury will be asked to award Plaintiff reasonable compensation for his pain and suffering. **The length and extent to which Defendants' tortious actions caused** Plaintiff lasting harm will likely be an issue at trial. Plaintiff will testify to the extent this incident has affected him mentally and emotionally. Plaintiff would be additionally entitled to attorney



APPELLANTS EXHIBITS 9TH CIR. # 25-147
6-3034
2:19-cv-01674-AB

**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270 ext. 212
Facsimile: 971-275-1839

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| HENRY ALEXANDER TOWNSEND,<br><br>Plaintiff,<br><br>vs.<br><br>GREGG JONES, Office of Population Management, TROY BOWSER, Superintendent; JOHN JACKSON, Assistant Supt. Security; JANE CAMBERS, STM Lt.,<br><br>Defendants. | Case No. 2:19-cv-01674-AB<br><br>**PLAINTIFF'S PROPOSED JURY VERDICT FORM** |

1. Did Plaintiff, Henry Townsend, prove by a preponderance of the evidence that Defendants Gregg Jones, Troy Bowser, and/or John Jackson violated his Eighth Amendment right on March 3, 2018, by failing to protect Mr. Townsend from a substantial risk of harm when Defendants allowed Mr. Townsend to be housed on a unit where he was likely to be assaulted?

   YES ______ NO ______

If you answered "YES" to Question 1, answer Question 2 about damages. If you answered "NO" to Question 1, your verdict is for the Defendant as to the first claim; skip Question 2.

APPLICANTS EXHIBIT
9TH CIR. # 25-147

G-3034
2:19-cv-01674-AB

2. What is the monetary value of the harm or damages that Plaintiff Henry Townsend sustained as a result of Defendants' conduct on March 3, 2018?

   $__________ Noneconomic Damages

3. Did Plaintiff Henry Townsend prove by a preponderance of the evidence that Defendants Gregg Jones, Troy Bowser, John Jackson, and/or Jane Chambers violated his Eighth Amendment right on June 7, 2018, by failing to protect Mr. Townsend from a substantial risk of harm when Defendants allowed Mr. Townsend to be housed on a unit where he was likely to be assaulted?

   YES ______ NO ______

If you answered "YES" to Question 3, answer Question 4 about damages. If you answered "NO" to Question 3, your verdict is for the Defendant as to the second claim; skip Question 4, and sign and date the verdict form.

4. What is the monetary value of the harm or damages that Plaintiff Henry Townsend sustained as a result of Defendants' conduct on June 7, 2018?

   $__________ Noneconomic Damages

The Presiding Juror should sign and date this Verdict Form.

DATED this ______ day of November, 2024.

_______________________________

Presiding Juror



APPELLANTS EXHIBIT
9TH CIR # 25-147
6-803
2:19-CV-01674-AB

ELLEN F. ROSENBLUM
Attorney General
MICHAEL R. WASHINGTON, #873679
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: michael.r.washington@doj.oregon.gov

*Attorneys for Defendants Bowser, Chambers, Jackson, and Jones*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY ALEXANDER TOWNSEND,

Plaintiff,

v.

GREGG JONES, Office of Population Management, TROY BOWSER, Superintendent; JOHN JACKSON, Assistant Supt. Security; JANE CHAMBERS, STM Lt.,

Defendants.

Case No. 2:19-CV-01674-IM

DEFENDANTS' PROPOSED VERDICT FORM

We the jury, duly sworn, find as follows:

1. On March 3, 2018, did Defendants make an intentional decision with respect to the conditions under which Plaintiff was confined? In other words, did the Defendants intentionally and knowingly house Plaintiff on a unit where he was likely to be assaulted?

   Yes ___ No ___

   If you answered "Yes" to question 1, proceed to question 2.

   If you answered "No" to question 1, your verdict is in favor of Defendants and your deliberations are concluded.



APPELLANTS EXHIBIT
9TH CIR. # 25-147

G-3-34
2:19-cv-01674-AB

2. Did those conditions under which Plaintiff was confined on March 3, 2018, put Plaintiff at substantial risk of suffering serious harm?

   Yes ___ No ___

   If you answered "Yes" to question 2, proceed to question 3.

   If you answered "No" to question 2, your verdict is in favor of Defendants and your deliberations are concluded.

3. On March 3, 2018, did the Defendants take reasonable available measures to reduce the risk of Plaintiff suffering a serious harm even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved making the consequences of Defendants' actions obvious?

   Yes ___ No ___

   If you answered "Yes" to question 3, proceed to question 4.

   If you answered "No" to question 3, your verdict is in favor of Defendants and your deliberations are concluded.

4. Did Defendants cause Plaintiff's injuries by not taking reasonable available measures on March 3, 2018, to reduce the risk of Plaintiff suffering a serious harm?

   If you answered "Yes" to question 4, proceed to question 5.

   If you answered "No" to question 4, your verdict is in favor of Defendants as to the claim for March 3, 2018, and your deliberations are concluded.

5. What damages, if any, did Plaintiff prove (by a preponderance of the evidence) were caused by Defendants on March 3, 2018?

   $__________ Economic Damages

   $__________ Noneconomic Damages



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

APPELLANTS EXHIBIT
9TH CIR. # 25 147
G - 8034
2:19-cv-01674-AB

6. Do you find that on June 7, 2018, Defendants made an intentional decision with respect to the conditions under which Plaintiff was confined?

   Yes ___ No ___

   If you answered "Yes" to question 6, proceed to question 7.

   If you answered "No" to question 6, your verdict is in favor of Defendants as to the claim for June 7, 2018, and your deliberations are concluded.

7. Do you find that those conditions under which Plaintiff was confined on June 7, 2018, put Plaintiff at substantial risk of suffering serious harm?

   Yes ___ No ___

   If you answered "Yes" to question 7, proceed to question 8.

   If you answered "No" to question 7, your verdict is in favor of Defendants as to the claim on June 7, 2018, and your deliberations are concluded.

8. Do you find that on June 7, 2018, Defendants did not take reasonable available measures to abate the risk of Plaintiff's suffering serious harm even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved making the consequences of Defendants' actions obvious?

   Yes ___ No ___

   If you answered "Yes" to question 8, proceed to question 9.

   If you answered "No" to question 8, your verdict is in favor of Defendants as to the claim on June 7, 2018, and your deliberations are concluded.

9. Do you find that by not taking reasonable available measures on June 7, 2018, to abate the risk of Plaintiff's suffering serious harm, Defendants caused Plaintiff's injuries?

   If you answered "Yes" to question 9, proceed to question 10.

   If you answered "No" to question 9, your verdict is in favor of Defendants as to the claim on June 7, 2018, and your deliberations are concluded.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Appellants Exhibit
9th Cir. # 25-147

6-3034

2:19-cv-01674-AB

10. What damages, if any, did Plaintiff prove by a preponderance of the evidence were caused by Defendants on June 7, 2018?

$_________ Economic Damages

$_________ Noneconomic Damages

Your deliberations are concluded. Your Presiding Juror should date and sign this Verdict.

DATED September 24, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Michael R. Washington*
MICHAEL R. WASHINGTON, #873679
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
michael.r.washington@doj.oregon.gov
*Attorneys for Defendants*

APPELLANTS EXHIBIT
9TH CIR. #25 147

6 - 8034
2:19-cv-01674-AB



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270 ext. 212
Facsimile: 971-275-1839

Attorney for Plaintiff

Opposing Counsel's Defense Is misleading and incorrect. The video footage/evidence reflects that Appellant was not the instigator and/or aggressor. Please see Federal Judge's Finding and Recommendations, [ECF #135] on packer issued March 25th, 2021.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| HENRY ALEXANDER TOWNSEND,<br><br>Plaintiff,<br><br>vs.<br><br>GREG JONES, Office of Population Management, TROY BOWSER, Superintendent; JOHN JACKSON, Assistant Supt. Security; JANE CAMBERS, STM Lt.,<br><br>Defendants. | Case No. 2:19-cv-01674-AB<br><br>JOINT PROPOSED PRETRIAL ORDER |

- **A concise statement of the nature of the action, including whether trial will be by jury and whether the parties have consented to trial by a magistrate judge.**

Plaintiff Henry Townsend brought suit against Defendants Jones, Bowser, Jackson, and Chambers alleging that his Eighth Amendment rights were violated on two occasions when the Defendants failed to protect him. The parties have not consented to magistrate jurisdiction and have requested a trial by jury.

- **A concise statement of each basis for federal jurisdiction and the facts supporting or disputing jurisdiction.**

Plaintiff brought suit against Defendants Jones, Bowser, Jackson, and Chambers pursuant to 42 U.S.C. § 1983, which confers federal subject matter jurisdiction. Plaintiff alleges that his





federal constitutional rights were violated when, as an incarcerated person, Defendants were deliberately indifferent to the serious risk of harm.

- **All agreed facts; with an asterisk (*) by those where relevance is disputed.**

Plaintiff alleges that on two separate occasions—March 3 and June 7, 2018—he was assaulted by AICs who associate with a known Security Threat Group. Plaintiff alleges that Defendants were aware of an imminent danger of physical harm to Plaintiff based on prior assaults against him by members of the same Security Threat Group—including on January 31, 2018—and because he provided written and verbal notice to the Defendants. Defendant Chambers is only being sued in regards to the June 7, 2018 assault. Plaintiff seeks an award of noneconomic damages as well as attorney fees and costs against Defendants.

- **A statement of each claim and defense to that claim with the contentions of the parties. Contentions will not recite the evidence to be offered at trial but will be sufficient to frame the issues presented by each claim and defense.**

**Plaintiff: Claim 1—42 U.S.C. § 1983 (March 3, 2018 Assault)**

Plaintiff alleges that in 2016, he was transferred from Two Rivers Correctional Institution (TRCI) after being attacked by members of a Security Threat Group (STG) known as the Paisas. Plaintiff alleges that he was transferred back to TRCI on January 30, 2018, despite known threats to his safety, and assaulted by inmates affiliated with the Paisas on January 31, March 3, and June 7, 2018. Plaintiff alleged that Defendants failed to protect him from assault and instead placed him in segregated housing for over two years, in violation of his rights under the Eighth and Fourteenth Amendments.

Claim 1 is related to the March 3, 2018, assault, when Plaintiff was attacked for the second time by members of a security threat group. This claim is against Defendants Jones,



Applicant's Exhibit
9th Cir. #25-147
6-8034
2:19-cv-01674-AB

Bowser, and Jackson. Plaintiff alleges that these Defendants had ample notice that he was at risk of assault, and nevertheless were deliberately indifferent to the serious risk of harm posed to him.

**Defendant: Defense to Claim 1—42 U.S.C. § 1983 (March 3, 2018 Assault)**

Defendants allege that on March 2, 2018, Plaintiff was placed back into general population after he had been in Administrative Housing since January 31, 2018, when Plaintiff was found guilty of Inmate Assault and placed into the Disciplinary Segregation Unit until his release on March 2, 2018. On March 3, 2018, Plaintiff verbally attacked members of a security threat group leading to a fight between him and those members. After a disciplinary hearing, Plaintiff was found guilty of Inmate Assault and sanctioned to 90 days in Disciplinary Segregation. Defendants allege that they were not deliberately indifferent to Plaintiff's safety as they attempt to house him in safe locations, but Plaintiff instigates fights with other Adults in Custody (AICs) and once they retaliate, he alleges that Defendants have not done enough to protect him from being assaulted. Defendants allege that in order to protect Plaintiff from being assaulted by other AICs, they place Plaintiff into Administrative Segregation, however, Plaintiff's verbal assaults against other AICs is the cause of his getting into fights with other AICs.

**Plaintiff: Claim 2—42 U.S.C. § 1983 (June 7, 2018 Assault)**

Claim 2 is related to the June 7, 2018, assault, when Plaintiff was attacked for the third time by members of a security threat group. This claim is against Defendants Jones, Bowser, Jackson, and Chambers. Plaintiff alleges that these Defendants had ample notice that he was at risk of assault, and nevertheless were deliberately indifferent to the serious risk of harm posed to him.

///

APPELLANTS EXHIBITS
9TH CIR. #25-147
G. 8034
2:19-cv-01674-AB

**Defendant: Defense to Claim 2— 42 U.S.C. § 1983 (June 7, 2018 Assault)**

Defendants allege that Plaintiff was released back into general population on June 7, 2018. That same day, Defendants allege that Plaintiff verbally assaulted members of a security threat group causing a fight between him and the group members. After a disciplinary hearing, Plaintiff was again found guilty of Inmate Assault and sanctioned to 90 days in Disciplinary Segregation. Defendants allege that they were not deliberately indifferent to Plaintiff's safety as they attempt to house him in safe locations, but Plaintiff instigates fights with other Adults in Custody (AICs) and once they retaliate, he alleges that Defendants have not done enough to protect him from being assaulted. Defendants allege that in order to protect Plaintiff from being assaulted by other AICs, they place Plaintiff into Administrative Segregation, however, Plaintiff's verbal assaults against other AICs is the cause of his getting into fights with other AICs.

- **Other legal issues not stated under either claims or defenses and designating those appropriate for decision before trial.**

**Damages**

The length and extent to which Defendants' tortious actions caused Plaintiff lasting harm will likely be an issue for trial.

Defendants allege that Plaintiff did not suffer any damages as a result of their actions.

DATED: September 24, 2024

*/s/ Juan C. Chavez*
Attorney for Plaintiff
Juan C. Chavez, OSB #136428

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

APR 28 2025

FILED ____________ ____
DOCKETED ____________ ____
DATE INITIAL

Appellants Rebuttal
9th Cir. # 25-147
6 - 3034
2:19-cv-01674-AB