JUNE 6TH, 2025

CLERK OF THE COURT
U.S. COURT OF APPEALS 9TH CIRCUIT
95 SEVENTH STREET
SAN FRANCISCO, CA. 94103

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 13 2025

FILED _____
DOCKETED _____
          DATE        INITIAL

RE: HENRY ALEXANDER TOWNSSEND
     U.S. COURT OF APPEALS 9TH CIRCUIT
     CASE # 25-147

          CLERK OF THE COURT;

               CAN YOU PLEASE RE-FILE
THESE LEGAL DOCUMENTS WITH ALL
ASSOCIATED PARTIES; APPELLANTS REPLY BRIEF.
SEE FED_R. APP P. 31 AND 9TH CIR.R. 31-2.1. OPPOSING
COUNSELS BRIEF WAS FILED IN THIS MATTER;
JUNE 2ND, 2025. I MAILED THE FOREGOING
DOCUMENT BY FIRST CLASS MAIL/POSTAGE PREPAID
WITHIN THE ALLOTED TIME.

                         SINCERELY
                         Henry Townsend
                    HENRY ALEXANDER TOWNSSEND

P.S.
OPPOSING COUNSEL
WHITEHEAD U.S. DISTRICT
COURT DOCUMENT #135;
[FINDINGS & RECOMMENDATIONS].
THE 9TH CIRCUIT ISSUED
AN ORDER; ORDING OPPOSING
COUNSEL TO ATTACH ALL
INSERTIONS APPELLANT SIGHTED.

# CERTIFICATE OF SERVICE

I CERTIFY THAT ON JUNE 6TH, 2025; I SERVED THE FOREGOING REPLY BRIEF, AND MEMORANDUM, UPON THE PARTIES HERETO BY THE METHOD INDICATED BELOW:

DOUGLAS EMHOFF
ATTORNEY AT LAW
1875 K STREET NW
WASHINGTON, DC. 20006

X ELECTRONIC FILING

CLERK OF THE COURT
U.S. COURT OF APPEALS 9TH CIRCUIT
95 SEVENTH STREET
SAN FRANCISCO, CA. 94103

U.S. ATTORNEY GENERAL
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

AMY BAGGIO
U.S. DISTRICT COURT JUDGE
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

KARIN J. IMMERGUT
U.S. DISTRICT COURT JUDGE
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

ANN BROWN
U.S. DISTRICT COURT JUDGE
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

ANN L. AIKEN
U.S. DISTRICT COURT JUDGE
405 EAST 8TH AVE #2100
EUGENE, OR. 97401

SCOTT KARIN
UNITED STATES ATTORNEY
1000 S.W. THIRD AVE
PORTLAND, OR. 97204

JOANNA HERSHEY
ATTORNEY AT LAW
1162 COURT STREET NE
SALEM, OR. 97301

GEOFFREY J. GOKEY
ATTORNEY AT LAW
34680 MISSION HILLS DR.
RANCHO MIRAGE, CA. 92270

JOE TACOPINA
ATTORNEY AT LAW
25115 EL DORADO MEADOW RD.
HIDDEN HILLS, CA. 91302

KAMALA HARRIS
VICE PRESIDENT OF UNITED STATES
1600 PENNSYLVANIA AVE
WASHINGTON, D.C. 20500

LISA C. HAY
FEDERAL DEFENDER
101 S.W. MAIN STREET
PORTLAND, OR. 97204

ELIZABETH DAILY
FEDERAL DEFENDER
101 S.W. MAIN STREET
PORTLAND, OR. 97204

KRISTINA HELLMAN
FEDERAL DEFENDER
101 S.W. MAIN STREET
PORTLAND, OR. 97204

LAURA A. WASSER
ATTORNEY AT LAW
25115 EL DORADO MEADOW RD.
HIDDEN HILLS, CA. 91302

GARY BERTONI
ATTORNEY AT LAW
520 S.W. YAMHILL #500
PORTLAND, OR. 97204

HANNAH BLAND
FEDERAL ATTORNEY
P.O. BOX 5248
PORTLAND, OR. 97208

KETANJI BROWN JACKSON
U.S. SUPREME COURT JUSTICE
1 FIRST STREET NE
WASHINGTON, DC. 20543

BEN HAILE OSB#040660
FEDERAL ATTORNEY
P.O. BOX 5248
PORTLAND, OR. 97208

PETITIONER - APPELLANT
HERBERT ALEXANDER TOWNSEND
SFP#1425 8900
277 STANTON BLVD
ONTARIO, OR. 97914

PAGE 1 OF 1 - CERTIFICATE OF SERVICE

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_Henry Alexander Townsend,_

Appellant(s),

vs.

_Troy Bowker, et al,_

Appellee(s).

9th Cir. Case No. 25-147

District Court or
BAP Case No. 2:19-cv-01674-AB

## APPELLANT'S INFORMAL REPLY BRIEF

_(attach additional sheets as necessary, up to a total of 25 pages including this form)_

**For the optional reply brief in response to appellee's answering brief(s) only.**

List each issue or argument raised in the answering brief to which you are replying.
Do not repeat arguments from your opening brief or raise new arguments except in
response to arguments made in the answering brief(s).

### Issue/Argument Number 1

What is the first argument in the answering brief to which you are replying?

Opposing counsel alleges that the jury could reasonably conclude that defendants lacked a subjective awareness of harm and/or imminent danger to appellant which is false and/or misleading. The administrative error is apparent and/or flagrant on the face of the record.

What is your reply to that argument?

The jury/court must have overlooked and thus failed to consider an aspect of the law presented by appellants trial counsel; Juan Chavez. Defendants, Jones, Bowker, Jackson, Chambers-Smith, and Ansberry, etc., have a duty to oversee operations and to brief one that takes over management. Defendants breach of duty and/or failure and/or refusal to act set in motion a series of events that triggered the RICO violations; [18 U.S.C. § 1961-68]. Petitioner relies on the argument in his reply brief. Also see document #29.

Page 1 of 25 — Appellants Reply Brief

9th Cir. Case No. _25-147_

**Issue/Argument Number 2**

What is the second argument in the answering brief to which you are replying?

Opposing counsels second argument alleges that the jury/court could reasonably conclude that defendants took reasonable measures to ensure appellants safety following the January and March assaults by placing him on an administrative hold after the fact.

What is your reply to that argument?

Opposing counsels argument is false/misleading and incorrect. Investigative reports and information was provided to the administrative body of imminent danger to appellants safety prior to each assault. Additionally, it is not appellants burden to instruct defendants on how to follow protocol and/or policy.

**Issue/Argument Number 3**

What is the third argument in the answering brief to which you are replying?

Opposing counsel alleges that it is impossible to ensure that appellant was separated from all members of associated with the Paisas which is incorrect.

What is your reply to that argument?

There are a large number of criminal organizations (Bloods, Crips, Gangster Disciples, Sureños, Norteños, Latin Kings, etc.), throughout the federal/state prison system that are segregated. In any event the burden is on defendants to provide suitable and appropriate housing to all prisoners. The jury/court was incorrect in concluding that defendants are not at fault.

Name _Henry Alexander Townsend_

SID #14258900

777 Stanton Blvd

Ontario, OR. 97914

Address

Signature _Henry Townsend_

Date _6-6-25_

Page 2 of 25 — Appellants Reply Brief

ISSUE/ARGUMENT NUMBER 4

WHAT IS THE FOURTH ARGUMENT IN THE ANSWERING BRIEF TO WHICH YOU ARE REPLYING?
Opposing counsel failed to put on substantial evidence to support a verdict in their favor.

WHAT IS YOUR REPLY TO THAT ARGUMENT?
Opposing counsel is incorrect. The court erred in denying appellant brief. The RICO violations and/or misconduct are apparent on the face of the. The court erred in denying appellants FRD.R.CIV.P. 50(b) motion. Appellant has demonstrated that the court has overlooked and thus failed to consider all aspects of the law presented in his case.

ISSUE/ARGUMENT NUMBER 5

WHAT IS THE FITH ARGUMENT IN THE ANSWERING BRIEF TO WHICH YOU ARE REPLYING?
Opposing counsel alleges that her clients are not at fault for the constitutional misconduct and/or violations papered through this suit which is incorrect. Appellant has met the burden of proof; please see all four corners of the 42 U.S.C. s 1983 action.

WHAT IS YOUR REPLY TO THAT ARGUMENT?
Appellant has provided this court with sufficient information to form a brief as to the truth of the claims in appellants first, and second amended civil rights complaint, and therefore appellant denies opposing counsels allegations.

ISSUE/ARGUMENT NUMBER 6

WHAT IS THE SIXTH ARGUMENT IN THE ANSWERING
BRIEF TO WHICH YOU ARE REPLYING?
OPPOSING COUNSEL ALLEGES THAT HER CLIENTS
WERE NOT AWARE OF IMMINENT DANGER
TO APPELLANT PRIOR TO THE ATTACKS WHICH IS
FALSE.

WHAT IS YOUR REPLY TO THAT ARGUMENT?
EACH TIME HIGH ALERT/HIGH RISK PRISONERS
ARE TRANSFERRED AND/OR ASSIGNED TO A HOUSING
UNIT ALERT NOTIFICATIONS ARE TRANSMITTED
ELECTRONICALLY TO SECURITY AND/OR THE
ADMINISTRATIVE BODY AND PERSONAL OF THE INSTITUTION.
WEEKLY MEETINGS ARE ALSO HELD TO BRIEF MANAGEMENT.

ISSUE/ARGUMENT NUMBER 7

WHAT IS THE SEVENTH ARGUMENT IN THE ANSWERING
BRIEF TO WHICH YOU ARE REPLYING?
DEFENDANT ALLEGE THAT APPELLANT DID NOT EXHAUST
HIS ADMINISTRATIVE REMEDIES RELATED TO THE JANUARY
31ST, 2018; MARCH 3RD, 2018; AND JUNE 7TH, 2018 ASSAULTS.

WHAT IS YOUR REPLY TO THAT ARGUMENT?
FEDERAL JUDGE IMMERGUT HELD A BENCH TRIAL
TO DECIDE WHETHER PETITIONER-APPELLANT EXHAUSTED
HIS ADMINISTRATIVE; [BENCH TRIAL MINS. OF PROCEEDING,
ECF #314]. JUDGE IMMERGUT GRANTED PETITIONER-APPELLANTS
MOTION FOR A DIRECTED VERDICT DURING TRIAL FINDING
THAT DEFENDANTS DID NOT CARRY THEIR BURDEN OF SHOWING
FAILURE TO EXHAUST; [PLEASE DOCUMENT #29, AND MINS OF PROCEEDINGS]

## INTRODUCTION

Petitioner-Appellant, Henry Alexander Townsend, currently incarcerated within the Oregon Department of Corrections ("O.D.O.C") housed at Snake River Correctional Institution ("S.R.C.I") in Ontario, Oregon, brought this 42 U.S.C. § 1983 action against former superintendant of two rivers correctional institution ("T.R.C.I") Troy Bowser, officer of population management interim administrator Greg Johns, former assistant superintendant of security for two rivers correctional institution ("T.R.C.I") Kevin Jackson, former security threat management ("STM") lieutenant Naima Chambers-Smith, and superintendant of eastern oregon correctional institution ("E.O.C.I") Ann Amsberry, etc. Petitioner-Appellant alleges that Defendants-Appellees failed to protect him from imminent danger of being assaulted by members associated with the criminal organization known as "the paesas" on January 31st, 2018, March 3rd, 2018, and June 7th, 2018, etc.

## PROCEDURAL HISTORY

Petitioner-Appellant filed his initial complaint on October 15th, 2019. On September 17th, 2020, Defendants-Appellees filed their motion for summary judgment in which Petitioner-

Appellant defeated, [ECF #135] Finding and recommendation. In February 2024; a PRLA exhaustion bench trial was conducted before Federal Judge; Karin Immergut. The court found that Petitioner-Appellant satisfied the PRLA exhaustion requirements by seeking relief first from the Administrative body; [Please see PACER]. This case was tried; November 5th, 2024.

## Law of the Case

Petitioner-Appellant, Henry Alexander Townsend, has the burden of proving that the alleged failures to act by Defendants-Appellees deprived him of particular rights under the United States Constitution. In this case, Petitioner-Appellant has shown that the Defendants-Appellees, the Security Department of the prison, along with the Oregon Department of Corrections ("ODOC") were "the moving force" behind the harm suffered by Petitioner-Appellant. Courts have long permitted litigants to hold supervisors individually liable in § 1983 suits where culpable action, or inaction, is directly attributed to them. Litigants have never been required to allege that a supervisor was physically present when the injury occurred. In Larez v. City of Los Angeles, 946 F.2d 630 (9th Cir. 1991), the court explains that to be held liable, the supervisor

need not be "directly" and personally involved in the same way as are the individual officers who are on the scene inflicting the constitutional injury." Id. at 645. Rather, the supervisors participation could include his and/or her culpable action or inaction in the training, supervision, or control of their subordinates," "their acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Rd 2d 611 (1978) (Holding that supervisory personal are liable under s 1983 only if they have "some" personal role in causing the alleged harms or were responsible for "some" customs or practice which resulted in the violation). Petitioner-Appellant also sights: Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), Farmer v. Brennan, 511 U.S. 825, 114 S. Ct 1970, 128 L. Rd 565, 568 (9th Cir. 1937). Defendant-Appellee ("STM") Lieutenant Naima Chambers-smith, testified during Appellants trial that a committee that is composed of her self, the Officer of Population management, a representative of the institution, etc, evaluates and manages population; (Trial Transcripts page 441-474). Defendants testimony verifies that the Administrative body, the

Security Department, Supervisors, Defendants-Appellees, etc; knew or should have known of imminent danger to Appellant; Henry Alexander Townsend. Witness; Lamia Moore, who is a Sergeant at Two Rivers Correctional Institution ("TRCI") also testified during Petitioner-Appellants trial that the administrative body/security along with "anyone" in law enforcement had access to the suspect security threat system which verified imminent danger to Petitioner-Appellant; (Trial Transcript page 190-198). The numerous errors in classification in which the record reflects verifies that the administrative body; (supervisors/prison staff, security, defendants-appellees/etc.), compelled the hits and/or abandoned their posts. In any event defendants-appellees along with their domestic partners were the moving force behind the constitutional violations which lead to Appellant being attacked three consecutive times by members associated with the criminal organization known as "the Paisas" on January 31st, 2018; March 3rd, 2018; and June 7th, 2018. An inmate has a right to be incarcerated in a reasonably safe environment. This right includes being protected from constant threat of assault from other inmates; Hoptowit V. Ray, 682 F. 2d at 1250; Ramos v. Lamm,

639. F.2d 559, 572 (10th Cir. 1980); Stickney v. List, 519 F. Supp. 617 (D. Nev. 1982). Defendants-Appellees were made aware of the conflict in 2017; (Petitioner-Appellants emergency transfer out of T.R.C.I.), Please see Document #29 (Page 4); All Four Corners The Security Threat Data Base Also verifies that Defendants-Appellees were made aware of the imminent danger to Petitioner-Appellant on January 30th, 2018. Information was provided that Petitioner-Appellant would not be safe in Unit 6 at Two Rivers Correctional Institution ("T.R.C.I"). On January 31st, 2018; Petitioner-Appellant was unilaterally assaulted by members of the criminal organization "Paisas". The Video Footage submitted to the court verifies and/or reflects that Appellant was not the instigator and/or aggressor in any of the Assaults; Please see Federal Judge Mark Clarks, Findings and Recommendation [RCF #135]. In addiction there was no verbal communication between Petitioner-Appellant and the Assailants prior to any of the attacks; [Please see Video Footage]. After Petitioner-Appellant was assaulted on January 31st, 2018; the threat imminence should have become obvious to Security/Population Management, etc. After being placed in Ad-Seg (Administrative Segregation) for most of the month of February 2018; Instead of Placing Appellant in a safer environment he was placed back

Page 9 Of 25 - Appellants Reply Brief

into Unit 6 where once again He was assaulted by members of the same criminal entity; "The Paisas". If one assault from the criminal organization on Unit 6 was not enough to inform the defendants that Petitioner-Appellant should not be placed back into that Unit; Unit 6 at Two Rivers Correctional Institution ("T.R.C.I") the second assault on March 3rd, 2018; should have been. Instead, defendants failed to protect Appellant once more by placing him back into Unit 6 at Two Rivers Correctional Institution ("T.R.C.I") on June 7th, 2018, and Appellant was assaulted again. Defendants-Appellees tried to argue that Appellant is at fault for the assaults He suffered which is Incorrect. The U.S. District court issued an order and/or finding stating that Petitioner-Appellant was not the Aggressor; (please see Pacer RCF #135). In any event Comparative Fault is not available as a defense in 42 U.S.C. s 1983 Eighth Amendment Cases. McHugh v. Olympia Entm't, Inc., 37 F. App'x 730, 736 N. 4 (6th Cir. 2002) ("To Apply Comparative Fault statutes in civil rights actions would result in the protection afforded under s 1983 to differ from state to state

and would be inconsistent with the underlying policy of deterrence and compensation".); see also Quezada v. City of Bernalillo, 944 F.2d 710, 721 (10th Cir. 1991), abrogated on other grounds as recognized in Stuart v. Jackson 24 F. App'x 943, 954 n.5 (10th Cir. 2001) (same); Miller v. Schmitz, 2013 WL 5754945, at *5 (E.D. Cal. Oct. 23, 2013) (same); Hurley v. Horizon Project, Inc., 2009 WL 5511205, at *10 (D. Or. Dec. 3, 2009) (assigning some percentage of fault to [an absent third party] would violate both the compensation and deterrence policies under s 1983"). Furthermore, the onus for keeping petitioner-appellant safe was on defendant, not petitioner. Defendants are required under the constitution to take reasonable measures to guarantee the safety of inmates". Farmer v. Brennan, 511 U.S. 825, 832 (1994). Defendants were unreasonable in placing petitioner-appellant back into unit 6 at Two Rivers Correctional Institution ("TRCI") twice after being assaulted the first time. Petitioner-appellant maintains that each of the assaults were initiated by the gang members associated with the criminal organization "Paisas". The outragous misconduct by

DEFENDANTS IN WHICH THE RECORD REFLECTS, VIOLATES THE FEDERAL RICO ACT; [18 U.S.C. § 1961(-68)]. THE LEGAL FRAUD/DELIBERATE DECEPTION TO ELUDE LIABILITY AND MISLEAD THE COURT ALONG WITH OTHER RICO VIOLATIONS BY OPPOSING COUNSEL AND DEFENDANTS-APPELLEES ARE OBVIOUS ON THE FACE OF THE RECORD. DEFENDANTS-APPELLEES, THE SECURITY DEPARTMENT, THE SUPERINTENDANTS OF THE INSTITUTION, AND THEIR SUBORDINATE OFFICERS AND ALL PRISON OFFICIALS HAVE A PROFESSIONAL DUTY AND OBLIGATION TO BRIEF MANAGEMENT ON HIGH ALERT/HIGH RISK PRISONERS AND TO VET AND/OR SCREEN ALL PRISONERS PRIOR TO RELEASING THEM INTO GENERAL POPULATION. THE BREAK DOWN IN CLASSIFICATION AND/OR REFUSAL TO ACT CONSTITUTES DELIBERATE INDIFFERENCE. THROUGH THEIR OUTRAGEOUS MISCONDUCT DEFENDANTS-APPELLEES HAVE CREATED A TOXIC ENVIRONMENT IN WHICH NEGLIGENCE IS UNACCEPTABLY LIKELY. THE BURDEN OF PROOF FOR APPELLANT TO PREVAIL IN THIS 42 U.S.C. § 1983 HAS BEEN MET. IN 2018, FOR THE MONTH OF JANUARY APPELLANT WAS PLACED IN ADMINISTRATIVE SEGREGATION AT TWO RIVERS CORRECTIONAL INSTITUTION ("T.R.C.I") ON AN INVOLUNTARY HOLD BY DEFENDANTS AFTER BEING UNILATERALLY ATTACKED IN THE CORRIDOR AT ("T.R.C.I")

with a weapon; (An inmate may be involuntarily placed in administrative segregation or protective custody for a period not to exceed 30 days by order of the functional unit manager or designee "only" when He/she has sufficient evidence to believe immediate assignment is necessary to protect the safety, security, and orderly operation of the facility); OAR 291-046-0010 (2). Please see exhibits; namely the referral requesting appellant be placed (involuntarily placed) in administrative segregation signed by defendants which requires verified conflict and/or imminent danger to a prisoners health & safety. Defendants-Appellees had sufficient information and/or knowledge as to the truth of the claims papered throughout this 42 U.S.C. s 1983. Defendants-Appellees failure and/or refusal to follow protocol before and after; January 31st, 2018, ended with petitioner-appellant being attacked three consecutive times subjecting him to physical/mental abuse, wrongful imprisonment in solitary confinement, etc. Defendant-Appellees have a duty to brief

MANAGEMENT ON PRISON VIOLENCE. FEDERAL JUDGE; AMY BAGGIO, ERRORED IN DENYING PETITIONER - APPELLANTS FED. R. CIV. P., 50 (b) MOTION. A JURY CANNOT DECIDE QUESTIONS OF LAW WHICH ARE RESERVED FOR THE COURT. OPPOSING COUNSEL FOR DEFENDANTS - APPELLEES HAS NO LEGALLY SUFFICIENT EVIDENTIARY FOUNDATION ON WHICH A REASONABLE JUDGE AND/OR JURY COULD FIND FOR DEFENDANTS, AND AS A MATTER OF LAW PETITIONER IS ENTITLED TO THE RELIEF REQUESTED. DEFENDANTS - APPELLEES DEFENSE IS FRUIT OF GOVERNMENTAL TRICKERY AND/OR PERSUASION WHICH IS INADMISSABLE. ENTRAPMENT IS AN AFFIRMATIVE DEFENSE WHICH EXCUSES A PERSON FROM LIABILITY. OPPOSING COUNSEL AND DEFENDANTS - APPELLEES LEGAL FRAUD/RICO VIOLATIONS ARE A MOCKERY OF THE JUDICIAL SYSTEM. DEFENDANTS - APPELLEES CONTINUE TO WITHHOLD THE VIDEO FOOTAGE FROM THE UNILATERAL ASSAULT TO APPELLANT WHICH OCCURRED; JANUARY 31ST, 2018, ALONG WITH REPORTS/EVIDENCE VERIFYING APPELLANT EXHAUSTED THE PLRA EXHAUSTION REQUIREMENTS AS TO DEFENDANT; AMSBERRY DESPITE APPELLANTS MULTIPLE REQUESTS FOR THE DISCLOSURE OF DISCOVERY PURSUANT TO FED. R. CIV. P., 26 (2) (3), AND FED. R. CIV. P., 35 (2). DESPITE THE

DOCUMENTED CONFLICT IN THE SUSPECT SECURITY THREAT INTELLIGENCE SYSTEM BETWEEN APPELLANT AND THE CRIMINAL ORGANIZATION "PAISAS" SUPERINTENDANT; ANN BRIGETTE AMSBERRY, PARTICIPATED AND/OR AUTHORIZED PETITIONER-APPELLANTS TRANSFER BACK TO TWO RIVERS CORRECTIONAL INSTITUTION ("T.R.C.I") ON JANUARY 30TH, 2018; [PLEASE DOC#29]. THE NEXT DAY; (JANUARY 31ST, 2018), APPELLANT WAS UNILATERALLY ASSAULTED. DEFENDANT; ANN BRIGETTE AMSBERRY, KNEW OR SHOULD HAVE KNOWN OF IMMINENT DANGER TO APPELLANT PRIOR TO HIS EMERGENCY TRANSFER BACK TO ("T.R.C.I"). THE DEFENDANTS IN THIS CASE TESTIFIED THAT "ALL" PRISONERS MUST BE THOROUGHLY SCREENED PRIOR TO PRISON TO PRISON TRANSFERS; (PLEASE SEE TRIAL TRANSCRIPT, PAGE 235 LINE 21-25). U.S. CHIEF OF NARCOTICS SCOTT KARIM, THE D.E.A, A.T.F., THE REGIONAL ORGANIZED CRIME TASK FORCE, FEDERAL JUDGE MICHAEL J. McSHANE, FEDERAL JUDGE ANN L. AIKEN, ETC., HAVE ALL BEEN MONITORING APPELLANT THROUGHOUT HIS INCARCERATION. OUTSIDE LAW ENFORCEMENT ALSO PLAYED A ROLE IN THE RICO VIOLATIONS PAPERED THROUGHOUT THIS 42 U.S.C. ss 1983. THE FEDERAL/STATE GOVERNMENT ALONG WITH DEFENDANTS HAVE AND CONTINUE TO INAPPROPRIATELY WITHHOLD EXCULPATORY EVIDENCE VITAL TO THIS APPEAL

PAGE 15 OF 25 - APPELLANTS REPLY BRIEF

In an attempt to conceal the collusion. The continual course of outrageous misconduct violating the RICO Act has and continues to subject Petitioner-Appellant to illegal/wrongful confinement in solitary confinement without meaningful review; please see Brown v. Or. Dep't. Corr., 751 F.3d 983, 985 (9th Cir. 2014) (Finding a prisoners 27 month placement in "intrusive" solitary segregation "with no meaningful review" implicated a protected liberty interest to support a due process claim). Petitioner-Appellants illegal/wrongful confinement in "intrusive" solitary segregation "with no meaningful review" has and continues to impose atypical and significant hardship on Appellant in relation to the ordinary incident of prison life. OAR 291-046-0090(1) provides; inmates assigned to administrative housing shall remain so assigned for only the shortest length of time necessary to achieve the purpose for which the assignment was prescribed. Appellant also contends that defendants-appellees incarcerated him in an environment so violent that it violates Or. Rev. Stat. §§ 421.016(4); which provides in pertinent part; "The superintendants (2) shall keep all inmates safely, according to the law and rules of the correctional division".

The Eighth Amendment also provides in full:
"Excessive bail shall not be required,
nor Excessive Fines imposed, nor cruel
and unusual punishment inflicted. To
Establish the requisite causal connection
in the Absence of Personal Involvement,
A Plaintiff must show that the supervisor
set in motion a series of Acts by
others, or knowingly refused to terminate
a series of Acts by others, which the
supervisors knew or reasonably should have
known would cause others to inflict a
constitutional injury. Dubner v. City &
County of S.F., 266 F.3d 959, 968 (9th Cir.
2001); Larez v. City of LA. 946 F.2d 630,
646 (9th Cir. 1991). Appellant Alleges sufficient
Facts to plausibly establish the defendants'
'Knowledge of and Acquiescence in' the
unconstitutional conduct of his subordinates.
Hydrick v. Hunter, 669 F.3d 937, 942 (9th
Cir. 2012)(Quoting Starr, 652 F.3d At
1206-07). Appellants injury was instigated
by Defendants-Appellees. The 8th Amendment
protects inmates from an environment in
which degeneration is probable and self
improvement unlikely because of conditions
that inflict needless physical or mental

SUFFERING; BATTLE V. ANDERSON, 564 F.2d 388, 393 (10TH CIR. 1977). AN INMATE HAS A RIGHT TO BE INCARCERATED IN A REASONABLY SAFE ENVIRONMENT. THIS RIGHT INCLUDES BEING PROTECTED FROM CONSTANT THREAT OF ASSAULTS FROM OTHER INMATES; HOPTOWIT V. RAY, 682 F.2d AT 1250; RAMOS V. LAMM, 639 F.2d 559, 572 (10TH CIR. 1980); STEWARY V. LEST, 519 F. SUPP. 617 (D. NEV 1982). THIS COURT SHOULD DEFER TO THE BREACH OF POLICY BY DEFENDANTS-APPELLEES AT ALL RELEVANT TIMES TO THIS 42 U.S.C. § 1993 AND ORDER A REMEDY CONSISTANT WITH THE CONSTITUTION. THE LEVEL OF MISCONDUCT AND/OR CONSTITUTIONAL VIOLATIONS ON RECORD WARRANTS THE INFERENCE THAT THE STATE IS DELIBERATELY INDIFFERENT TO PETITIONER-APPELLANTS SAFETY. ADDICTIONALLY, IT IS NOT APPELLANTS DUTY TO INSTRUCT AND/OR INFORM DEFENDANTS ON HOW TO FOLLOW POLICY AND/OR OBEY THE CONSTITUTION; (DEFENDANTS HAVE AN OATH OF OFFICER TO OBEY). DEFENDANTS DID NOT TAKE REASONABLE STEPS TO PROTECT APPELLANT FROM BEING ASSAULTED BY THE CRIMINAL ORGANIZATION "PAISAS" ON JANUARY 31ST, 2018; MARCH 3RD, 2018; OR JUNE 7TH, 2018; AND AS A DIRECT RESULT OF DEFENDANTS OUTRAGOUS MISCONDUCT WHICH HAS CREATED A TOXIC ENVIRONMENT NO SUITABLE AND/OR APPROPRIATE HOUSING EXISTS FOR PETITIONER-APPELLANT ANYWHERE IN THE OREGON

DEPARTMENT OF CORRECTIONS. OAR 291-039-0025 (4)(2), GOVERNS EMERGENCY TRANSFERS OUT OF STATE UNDER CERTAIN PROCEDURES. THE RECORD OF CONSTITUTIONAL VIOLATIONS ALLOWS THE COURT TO GO BEYOND THE NORMAL STANDARD TO IMPLEMENT A REMEDY; SEE HUTTO V. FENNEY, 437 U.S. 678, 678, 98 S. CT. 2566, 2571, 57 L.Ed. 2d 522 (1978). WHEN A COURT CONSIDERS WHETHER TO GRANT PRELIMINARY INJUNCTION IT BALANCES "THE COMPETING CLAIMS OF INJURY, THE EFFECT ON EACH PARTY OF THE GRANTING OR WITHHOLDING OF THE REQUESTED RELIEF, THE PUBLIC CONSEQUENCES IN EMPLYING THE EXTRAORDINARY REMEDY OF INJUNCTION" AND PLAINTIFFS LIKEHOOD OF SUCCESS. Id. AT 12-23 (QUOTING AMOCO PROD. CO. V. GAMBELL, 480 U.S. 531, 542 (1987); WEINBERGER V. ROMERO-BARCELO, 456 U.S. 305, 312 (1982). AS LONG AS APPELLANT REMAINS IN THE OREGON DEPARTMENT OF CORRECTIONS ("SRCI") OR ANY OTHER INSTITUTION IN ("ODOC") HE IS LIKELY TO SUFFER IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY RELIEF AND/OR INJUNCTION. THE 9TH CIRCUIT REVIEWS CASES DE NOVO, AND A PARTY MOVING FOR RECONSIDERATION MUST DEMONSTRATE THAT NEWLY DISCOVERED FACTS (TRIAL RECORD/WITNESS TESTEMONY, ETC) EXISTS THAT REQUIRES CONSIDERATION, THAT THERE HAS BEEN AN INTERVENING CHANGE IN THE LAW, OR

That the courts have overlooked and thus failed to consider an aspect of the law presented by the moving party which if left unaddressed would result in a clear error or cause manifest injustice; Virgin Atl Airways, Ltd v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d cir. 1992). Its apparent on the face of the record that defendants-appellees were not in compliance with the rule of law that controls protecting prisoners from constant threat of assaults from other prisoners which lead to three consecutive attacks. "Judgment on the pleadings is proper where the moving party clearly establishes on the face of the pleading that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc., v. Richard Feiner & Co., Inc, 896 F.2d 1542, 1550 (9th cir. 1990). To prevail a party must show there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Opposing counsels allegations as to appellant verbally attacking members

of the criminal organization is false/
misleading, incorrect, and hearsay which
is inadmissable. The video footage verifies
and/or reflects that Appellant was the
victim not the instigator and/or
aggressor in any of the assaults; also
please see pacer [ECF #135]; Findings
and recommendations. In addiction,
the record reflects that there was no
verbal communication between Appellant
and the assailants prior to any of the
attacks; [Please see video footage/exhibits].
After Federal Judge; Mark D. Clark, previewed
the video footage/evidence in this case
the court found that genuine issues of
material fact exists regarding defendants
failure to protect arising from all
events including the assaults on
March 3rd, 2018, and June 7th, 2018. [see
ECF # 135 and 157], On pacer which were
issued; March 25th, 2021. Again; in the
courts findings and recommendation it found
that Appellant was not the instigator
and or aggressor. In any event defendants
have a security base policy and practice
to protect prisoners who pose a threat to
their selfs or others, and from constant
threat of assault from other inmates.

Page 21 of 25 - Appellants reply brief

In any event defendants knew or should have known of imminent danger to appellant. 1. Defendant - Appellees, Bowser, Jones, Jackson, Ansberry, and Chambers-Smith, at all relevant times were employed by the Oregon Department of Corrections ("O.D.O.C.") with the duty and obligation to oversee operations of Two Rivers Correctional Institution ("T.R.C.I") and/or the Oregon Department of Corrections ("O.D.O.C"). 2. Defendants - Appellees, Bowser, Jones, Jackson, Ansberry, and Chambers-Smith, at all relevant times were acting under color of state/federal law. 3. As a result of the attacks appellant experienced physical trauma, lacerations, bruises, and was sprayed with a chemical agent; [Please see exhibits; trial transcripts for appellants testimony]. 4. Prior to the attacks information was provided by confidential informants, the security data base, and the grievance system, which notified defendants of imminent danger of physical harm to appellant by a security threat group. 5. The failure, and refusal of defendants - appellees to follow policy/protocol and with appellant being attacked three consecutive times by the same criminal organization/security threat group, which created an undue risk to appellants safety, and to the safety, security, and orderly operation of the penal facility/O.D.O.C.; violating the federal RICO Act, [18 U.S.C. § 1961-68]. 6. Defendants - Appellees, Bowser, Jones, Jackson, Ansberry, and

CHAMBERS-SMITH, VIOLATED THE U.S. CONSTITUTION BY REFUSING AND/OR FAILING TO PROTECT, AND BY FAILING AND/OR REFUSING TO FOLLOW POLICY.

7. DEFENDANTS HAVE A DUTY TO PROTECT PRISONERS FROM PHYSICAL/MENTAL ABUSE. 8. THOSE RIGHTS PROTECT APPELLANT FROM CONSTANT THREAT OF ASSAULT. 9. DEFENDANTS, BOWSER, JONES, JACKSON, AMSBERRY, AND CHAMBERS-SMITH, HAVE A DUTY TO OVERSEE HIGH RISK/HIGH ALERT PRISONERS AND TO BRIEF ONE THAT TAKES OVER MANAGEMENT. 10. DEFENDANTS-APPELLEES, BOWSER, JONES, JACKSON, AMSBERRY, AND CHAMBERS-SMITH, SET IN MOTION A SERIES OF EVENTS THAT THEY REASONABLY KNEW OR SHOULD HAVE KNOWN WOULD CAUSE A CONSTITUTIONAL VIOLATION; VIOLATING THE RICO ACT, [18 U.S.C. § 1961-68]. 11. THE FAILURE AND/OR REFUSAL TO ACT CONSTITUTES DELIBERATE INDIFFERENCE. 12. DEFENDANTS-APPELLEES, BOWSER, JONES, JACKSON, AMSBERRY, AND CHAMBERS-SMITH, OWED APPELLANT A DUTY OF REASONABLE CARE TO PROTECT HIM FROM ASSAULTS BY OTHER PRISONERS. 13. DEFENDANTS-APPELLEES, BREACHED THAT DUTY BY FAILING TO PROVIDE PROTECTION ONCE INFORMATION WAS PROVIDED BY CONFIDENTIAL INFORMANTS AND ENTERED INTO THE SECURITY THREAT SYSTEM WHICH NOTIFIED DEFENDANTS AND/OR "ANYONE IN LAW ENFORCEMENT" OF IMMINENT DANGER OF PHYSICAL HARM TO APPELLANT BY A CRIMINAL ORGANIZATION AND/OR SECURITY THREAT GROUP KNOWN AS THE "PAISAS". THE U.S. DISTRICT COURT ERRORED IN DENYING APPELLANT RELIEF; [PLEASE APPELLANTS 50(b) MOTION]

PAGE 23 OF 25 - APPELLANTS REPLY BRIEF

THE RECORD REFLECTS THAT DEFENDANT GREG JONES COMMITTED PERJURY AND WAS IMPEACHED; PLEASE SEE TRIAL TRANSCRIPTS (TR. 233-265) DEFENDANT JONES' MISLEADING TESTIMONY, WITNESS LAMEA MOORES TESTIMONY (TR. 190-198), DEFENDANT NAEMA CHAMBERS-SMITH TESTIMONY (TR. 441-474), DOCUMENT #29 PAGE 4, AND ALL FOUR CORNERS OF THIS SUIT. THE ELEVENTH AMENDMENT DOES NOT BAR ACTION FOR DAMAGES AGAINST STATE OFFICIALS WHO ARE SUED IN THEIR INDIVIDUAL CAPACITY; HAFER V. MELO, 502 U.S. 21, 31 (1991). TO ESTABLISH THE REQUISITE CAUSAL CONNECTION IN THE ABSENCE OF PERSONAL INVOLVEMENT, A PLAINTIFF MUST SHOW THAT THE SUPERVISOR SET IN MOTION A SERIES OF ACTS BY OTHERS, OR KNOWINGLY REFUSED TO TERMINATE A SERIES OF ACTS BY OTHERS, WHICH THE SUPERVISOR KNEW OR REASONABLY SHOULD HAVE KNOWN WOULD CAUSE OTHERS TO INFLICT A CONSTITUTIONAL INJURY. DUBNER V. CITY & COUNTY OF S.F., 266 F.3d 959, 968 (9TH CIR. 2001); LARREZ V. CITY OF L.A., 946 F.2d 630, 646 (9TH CIR. 1991). THE SERIES OF OUTRAGEOUS MISCONDUCT CAUSED APPELLANT TO BE WRONGFULLY CONFINED AND/OR WRONGFULLY IMPRISONED IN SOLITARY CONFINEMENT FOR A PROLONGED DURATION CAUSING EMOTIONAL DISTRESS / MENTAL ANGUISH, AND INJURY. THE FALSE IMPRISONMENT HAS FOUR ELEMENTS: (1) DEFENDANTS MUST CONFINE THE PLAINTIFF; (2) DEFENDANTS MUST INTEND THE ACT THAT CAUSES CONFINEMENT; (3) DEFENDANTS MUST BE AWARE OF THE CONFINEMENT; AND (4) THE CONFINEMENT MUST BE UNLAWFUL. THE RECORD REFLECTS THAT APPELLANT HAS PLEAD AND PROVED ALL ELEMENTS; FED. R. CIV. P. 8(2).

THIS OUTRAGEOUS MISCONDUCT HAS AND CONTINUES TO ENTANGLE DEFENDANTS/OPPOSING COUNSEL IN A CONTINUAL COURSE OF DECEPTION/LEGAL FRAUD VIOLATING THE FEDERAL RICO ACT, [18 U.S.C. §§ 1961-68]. THE ADMINISTRATIVE ERRORS IN CLASSIFICATION IN WHICH THE RECORD REFLECTS VERIFIES THAT ALL ASSOCIATED PARTIES DID NOT PROTECT APPLICANT FROM CONSTANT THREAT OF ASSAULT FROM OTHER PRISONERS, A PRISON OFFICIAL VIOLATES HIS OR HER DUTY TO PROTECT A PERSON IN CUSTODY WHERE: (1) THE OFFICIALS ACT OR OMISSION, OBJECTIVELY VIEWED, CAUSED A SUBSTANTIAL RISK OF SERIOUS HARM; AND (2) THE OFFICIAL WAS SUBJECTIVELY AWARE OF THAT RISK AND ACTED WITH "DELIBERATE INDIFFERENCE TO [AN INCARCERATED PERSON'S] HEALTH OR SAFETY." LEONARD V. PETERS, 2023 WL 387035, AT *2 (9TH CIR. JAN. 10, 2023) (QUOTING FARMER V. BRENNAN, 511 U.S. 825, 839-40 (1994)). "THE OBJECTIVE COMPONENT TO THIS CLAIM REQUIRES A PLAINTIFF TO PLAUSIBLY ALLEGE THAT IT IS "CONTRARY TO CURRENT STANDARDS OF DECENCY FOR ANYONE TO BE ... EXPOSED AGAINST HIS WELL TO THE RELEVANT HAZARD." HAMPTON V. CAL, 83 F. 4TH 754, 766 (9TH CIR. 2023) (QUOTING HELLING V. MCKINNEY, 509 U.S. 25, 35 1993)). THE JURY/COURT ERRORED IN DENYING APPELLANT RELIEF. THIS COURT REVIEWS DE NOVO THE DISTRICT COURTS CONCLUSION. DATED THIS 6TH DAY OF JUNE 2025.

PETITIONER - APPELLANT
HENRY ALEXANDER TOWNSEND
SID #14253900
777 STANTON BLVD
ONTARIO, OR. 97914